**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Isaias Galan-Cortes, | ) |
|     Defendant. | ) |

No.  CR 23-2212-TUC-CKJ

**ORDER**

Pending before the Court is the pro se Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Federal Sentencing Guidelines Based on the U.S.S.G. Amendment to Section 4A1.1(d) and (e) (Doc. 35) ("Motion") filed by Isaias Galan-Cortes ("Galan-Cortes").  The Federal Public Defender filed a Notice RE:  Pro Se Filing, stating it will not be filing a supplemental memorandum (Doc. 36).

*Procedural Background*

On April 17, 2024, Galan-Cortes pleaded guilty pursuant to a plea agreement to Attempted Reentry of Removed Alien in violation of 8 U.S.C. §1326(a), with sentencing enhancement pursuant to 8 U.S.C. §1326(b)(1).

Pursuant to the United States Sentencing Guidelines ("USSG"), Galan-Cortes's total offense level was 19, with a criminal history score of six, and a criminal history category of III.  Pre-Sentence Report ("PSR") (Doc. 30, pp. 5-7).  Although Galan-Cortes committed the instant offense while under a criminal justice sentence from California, less than seven criminal history points were received under subsections (a) through (d) of the applicable

guideline, so no additional status points were added.  *See* USSG §4A1.1(e). Therefore, no additional points are added.  This resulted in a guideline imprisonment range of 37 to 46 months.

This Court sentenced Galan-Cortes on July 15, 2024, to a 37 month term of imprisonment, to be followed by 36 months of supervised release.

*USSG Amendment 821*

A judgment of conviction that includes a sentence of imprisonment may not be modified by a district court except in limited circumstances.  18 U.S.C. § 3582(b).  This section establishes an exception to the general rule of finality.  *Dillon v. United States*, 560 U.S. 817, 824 (2010).  The statute provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).  Under this provision, the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

The Court must first determine if a retroactive amendment to the USSG lowered a defendant's guideline range and whether a reduction is consistent with the applicable policy statements.  *Dillon*, 560 U.S. at 826.  The Court must then consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.  However, 18 U.S.C. § 3582(c)(2) does not authorize a reduction in a defendant's term of imprisonment as not consistent with the policy statement if an "amendment . . . does not have the effect of lowering the defendant's applicable guideline range."  USSG 1B1.10(a)(2)(B); *see also* USSG 1B1.10, Application Note 1.

Amendment 821 to the USSG took effect November 1, 2023, and applies retroactively.  *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534

1  (Sept. 1, 2023); Amendment 821, United States. Sentencing Commission,

2  https://www.ussc.gov/guidelines/amendment/821 (last accessed August 13, 2025).

3  Amendment 821 is bifurcated into Parts A and B.

4       With an effective date of November 1, 2023, Amendment 821 was in effect when

5  Galan-Cortes was sentenced. Specifically, because less than seven criminal history points

6  were calculated under USSG §4A1.1 (a) through (d), no additional status points were added

7  to the guideline calculation. USSG §4A1.1(e). Therefore, Galan-Cortes has already received

8  the benefit from Amendment 821, Part A, and is not eligible for a sentence reduction.[1]

9       Accordingly, IT IS ORDERED:

10      1.    The pro se Motion for Reduction of Sentence Pursuant to 18 U.S.C. §

11  3582(c)(2) and Amendment 821 to the Federal Sentencing Guidelines Based on the U.S.S.G.

12  Amendment to Section 4A1.1(d) and (e) (Doc. 35) is DENIED.

13      2.    The Clerk of Court shall mail a copy of this Order to Galan-Cortes at the

14  following address:

15         Isaias Galan-Cortes # 38382-509
       FCI Lompoc II

16         3901 Klein Blvd.
       Lompoc, CA  93436

17

18      DATED this 13th day of August, 2025.

19

20                 Cindy K. Jorgenson
               United States District Judge

21

22

23  [1]Although Galan-Cortes did not "check" the portion of the form requesting relief

24  pursuant to USSG § 4C1.1, the Court notes, "Part B, Subpart 1 of the amendment provides
a two-level reduction in the offense level for certain zero-point offenders—that is, defendants

25  with no criminal history whose offenses meet the guideline's criteria." *United States v.*
*Mariscal-Sanabia*, No. 219CR00251GMNNJK6, 2024 WL 841094, at *3 (D. Nev. Feb. 27,

26  2024), *quoting United States v. Diaz-Diaz*, No. CR19-0187-JCC, 2023 WL 9040636, at *1

27  (W.D. Wash. Dec. 29, 2023). Galan-Cortes's guideline range included a subtotal criminal
history score of six points. Therefore, he is not eligible for relief under this portion of

28  Amendment 821.